1   Kristin A. Schuler-Hintz, Esq. SBN 7171
2   Michael Chen, Esq. SBN 7307
    **McCarthy & Holthus, LLP**
3   9510 West Sahara Avenue, Suite 200
    Las Vegas, NV 89117
4   Phone (877) 369-6122
5   Fax (866) 339-5691
    mchen@mccarthyholthus.com
6
7   Attorneys for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, its
    assignees and/or successors, by and through its servicing agent Caliber Home Loans, Inc.
8
9                       UNITED STATES BANKRUPTCY COURT
10                              DISTRICT OF NEVADA
11
12
    In re:                                   ) Case No. 16-11779-led
13                                           )
14                                           ) Chapter  11
                                             )
15  Armando Barrera-Ortiz                    )
    Claudia Barrera,                         )        **STIPULATION FOR CLAIM**
16                                           )              **TREATMENT**
17                                           )
                                             )
18              Debtors.                     ) Re: 1912 Emerald Green Avenue
                                             )      Las Vegas, NV 89106
19                                           )
20  _____)
21          U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, its assignees
22  and/or successors, by and through its servicing agent Caliber Home Loans, Inc. ("Secured
23  Creditor") and Armando Barrera-Ortiz and Claudia Barrera ("Debtors"), by and through their
24  attorneys of record, enter into this Stipulation for Claim Treatment regarding Secured Creditor's
25  claim secured by real property commonly known as 1912 Emerald Green Avenue, Las Vegas,
26  NV 89106 ("Subject Property") and hereby stipulate and agree as follows:
27  ///
28  ///
29

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

## RECITALS

1.      On or about October 1, 2004, Inter Mountain Mortgage entered into a contract with Armando Barrera-Ortiz and Claudia Barrera wherein the Debtors agreed to repay the amount of $182,903.00, beginning on or about December 1, 2004.  The obligation is evidenced by a promissory note ("Note") and secured by a deed of Trust ("Deed of Trust") (collectively the "Subject Loan").

2.      The Deed of Trust was timely and duly recorded and perfected in accordance with Nevada law at Instrument No.  20041011-0001393 in the office of the Clark County Recorder.

3.      Secured Creditor is the holder of the Note and the beneficiary under the Deed of Trust that is secured by the Subject Property and is the real party in interest.

4.      On 4/1/2016, the Debtors filed a voluntary Chapter 11 petition seeking relief under Title 11 of the United States Code.

5.      On 5/27/2016, Secured Creditor filed a secured Proof of Claim, Claim 2-1, in the amount of $186,150.20.

## AGREEMENTS

6.      Secured Creditor and the Debtors agree the value of the Subject Property to be $140.000.00.

7.      Secured Creditor's Claim 2-1 shall be treated as an allowed secured claim in the amount of $140.000.00 ("Allowed Secured Claim").   The remaining indebtedness of Claim  in the amount of $46,150.20 shall be treated as an allowed non-priority general unsecured claim ("Allowed Unsecured Claim"). Secured Creditor shall be permitted to file a non-priority general unsecured proof of claim for this amount, but Secured Creditor is not required to do so in order to receive general unsecured pro rata distributions under Debtors' confirmed Plan or Amended Plan.

8.      Additionally, Secured Creditor's Claim shall be increased by $1,418.40 to reimburse Secured Creditor for post-petition real property taxes and real property hazard

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

insurance that were advanced by Secured Creditor in support of the Subject Property for a total allowed secured claim of $141,418.40 ("Total Allowed Secured Claim").

9.      The Debtors shall pay the Total Allowed Secured Claim of $141,418.40 over 30 years with interest at a rate of 5.25% per annum, which equates to a principal and interest payment of $780.92. Payments shall commence on March 1, 2017 and shall continue in equal monthly payments thereafter, until paid in full.  The final payment of any remaining balance shall be due 359 months after the first payment comes due under this Stipulation, unless the Total Allowed Secured Claim is paid in full at an earlier date. The new maturity date shall be February 1, 2047.

10.      An escrow impound account associated with the Subject Loan for payment of all ongoing real property taxes and/or real property hazard insurance ("Escrow Payments") shall remain in place. Escrow Payments shall commence on the same date payments on the Total Allowed Secured Claim shall commence, and shall continue until the Total Allowed Secured Claim is paid in full under the terms of this Stipulation. The current amount of the Escrow Payments are $129.99 and may change pursuant to the terms of the Subject Loan.

11.      All payments shall be made by the Debtors to Secured Creditor via regular mail at:

> Caliber Home Loans, Inc.
> P.O. Box 650856
> Dallas, TX 75265-0856

or such other address subsequently designated by Secured Creditor in writing to the Debtors.

12.      Once the Total Allowed Secured Claim of $141,418.40, plus any accrued but unpaid post-confirmation interest, fees and/or costs, is paid in full pursuant to the terms of this Stipulation, Secured Creditor shall immediately release any and all rights or interests it may have in the Subject Property.

13.      The Debtors may prepay the amounts due on the Total Allowed Secured Claim without penalty at any time.  Further, the Debtors may sell the Subject Property at any time without penalty, so long as the sale proceeds are sufficient to pay off the balance of the Total

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

Secured Claim plus any accrued post-confirmation interest, fees and/or costs at the time of the close of escrow for the proposed sale. If a proposed sale will not pay off the Total Allowed Secured Claim plus any accrued post-confirmation interest, fees and/or costs ("Short Sale"), then such a proposed sale shall be at the discretion of Secured Creditor. A Short Sale may only proceed with the express written consent of Secured Creditor.

14.    If the Debtors defaults under this Stipulation, then Secured Creditor shall provide written notice to the Debtors and, if the Debtors have not received a discharge, also to Counsel for the Debtors (via US Mail and email at riggilaw@gmail.com), indicating the nature of the default.  If the Debtors fails to cure the default with certified funds after the passage of 15 calendar days from the date of said written notice, then Secured Creditor shall have immediate relief from the Automatic Stay pursuant to 11 U.S.C. §362 of the Bankruptcy Code upon filing a notice with the Court (if the Debtors have not received a discharge) and to the Debtors. Secured Creditor shall only be required to provide the above-described notice of default twice per calendar year.  Upon the third payment default in a calendar year, Secured Creditor shall have immediate relief from the Automatic Stay upon filing a notice with the Court (if the Debtors have not received a discharge) and to the Debtors.

15.    In the event this case is converted or dismissed, this Stipulation shall become null and void and Secured Creditor shall retain its lien in the full amount due under the Subject Loan and the Automatic Stay shall be immediately terminated without further notice, order or proceeding of the Court.

16.    The terms of this Stipulation are contingent on the substantive consummation of the Debtors' confirmed Plan.  The terms of this Stipulation may not be modified, altered or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without the express written consent of Secured Creditor.

17.    The Debtors have filed a Chapter 11 Plan, and confirmation is pending.  Should the terms of the Plan or subsequent Amended Plan(s) and this Stipulation conflict, then the terms of this Stipulation shall control.

File No. NV-16-125184                              4                              Case No. 16-11779-led
Re: 1912 Emerald Green Avenue                                                Stipulation for Claim Treatment

18.     Secured Creditor's execution of this Stipulation shall constitute a ballot voting in favor of the Debtors' Chapter 11 Plan/Amended Plan and Secured Creditor shall be deemed to have voted in favor of the Plan for both its Secured and Unsecured Claims.

19.     Except as otherwise expressly provided herein, all remaining terms of the Promissory Note and Deed of Trust not modified herein shall remain in effect and shall govern treatment of Secured Creditor's Total Allowed Secured Claim.

20.     Each party is to bear their own fees and costs.

**IT IS SO STIPULATED:**

**McCarthy & Holthus, LLP**

Dated:   2/14/2017          by   */s/  Michael Chen, Esq.*
                                     Kristin A. Schuler-Hintz, Esq.
                                     Michael Chen, Esq.
                                     Attorneys for Secured Creditor

Dated:   2/14/2017          by   */s/ David Riggi, Esq.*
                                     David A Riggi
                                     Attorney for Debtors