David A. Riggi, Esq.
5550 Painted Mirage Rd. Suite 320
Las Vegas, NV 89149
Ph.:    1-702-463-7777
Fax:    1-888-306-7157
E-mail: riggilaw@gmail.com
***Attorney for the Debtors in Possession***

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No.: 16-11779-GS |
| | ) |
| ARMANDO BARRERA-ORTIZ and | ) Chapter 11 |
| | ) |
| CLAUDIA BARRERA, | ) |
| | ) |
| Debtors in Possession. | ) |

## SIXTH AMENDED PLAN OF REORGANIZATION FOR
## ARMANDO BARRERA-ORTIZ AND  CLAUDIA BARRERA

The Debtors, ARMANDO BARRERA-ORTIZ and CLAUDIA BARRERA (herein "Debtors in Possession" and/ or "Debtors"), proposes the following Plan of Reorganization (herein "Plan").

## BRIEF SUMMARY OF PLAN

The Plan, as proposed by the Debtors, is based on: (1) re-amortizing and rescheduling secured debt on the first mortgage on an investment property, based on the actual value of the property; (2) allowing state law rights and remedies to remain on another property; (3) re-amortizing and rescheduling secured debts on an item of household personal property and (4) payments to unsecured creditors and/or administrative expense claimants.

## **ARTICLE I**
## **DEFINITIONS**

The following terms when used in the Plan shall, unless the context otherwise requires, have the following meaning respectively:

**ADMINISTRATIVE CLAIM and ADMINISTRATIVE EXPENSE CLAIM:** A Claim Allowed under §503(b) of the Bankruptcy Code that is entitled to priority under §507(a)(2) of the Bankruptcy Code, including, without limitation, (a) any actual and necessary costs and expenses of preserving the Estate or administering the Chapter 11 Case as authorized and approved by a Final Order, (b) any actual and necessary costs and expenses incurred in the ordinary course of the Debtors' business, (c) fees and expenses of Professionals to the extent Allowed by Final Order under §§330, 331, or 503 of the Bankruptcy Code, and (d) all fees and charges assessed against the Estate pursuant to 28 U.S.C. §1930.

**ALLOWED CLAIM:** A claim (a) in respect to which a Proof of Claim has been filed with the Bankruptcy Court within the applicable period of limitation or (b) scheduled in the list of creditors and filed with the Bankruptcy Court in the case and not listed as disputed, contingent, or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation or an order to the Bankruptcy Court, or as to which any such objection has been determined by an order or judgment, which order or judgment is not subject to any stay of the effect thereof. Certain claims not listed in the Debtors' bankruptcy schedules as disputed, contingent, or un-liquidated as to amounts may be objected to by the Debtors because of a change in circumstances or because of additional information made available to the Debtors or his counsel. All claims will be determined by Bankruptcy Court order to be allowed or disallowed.

**BANKRUPTCY CODE:** Title 11, United States Code.

**BANKRUPTCY COURT:** The United States Bankruptcy Court for the District of Nevada, the Honorable Gary Spraker, Judge, acting in this case.

**CHAPTER 11:** Chapter 11, Title 11, United States Code.

2

**CLAIM:** Any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, against the Debtors in existence on or as of the date of the petition, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, un-liquidated, fixed, contingent, matured, un-matured, disputed, undisputed, legal, secured or unsecured.

**CLASS:** Any class into which Allowed Claims are classified pursuant to Article II.

**CONFIRMATION DATE:** Confirmation date shall be the date upon which the order confirming the Debtors' Plan of Reorganization is entered by the Bankruptcy Court for the District of Nevada.

**COURT:** Court shall mean the United States Bankruptcy Court for the District of Nevada, including the United States Bankruptcy Judge presiding in the Bankruptcy Case of the Debtors.

**CREDITOR:** Holder of a Claim against the Debtors but should be distinguished from the term "claimant," which can include entities to whom monies are owed for post-petition rights.

**DATE OF THE PETITION:** April 1, 2016.

**DEBTORS:** Armando Barrera-Ortiz and Claudia Barrera.

**EFFECTIVE DATE:** The first day of the first calendar month following the expiration of 15 days after entry of an order of the Bankruptcy Court of the District of Nevada confirming this Plan.

**INVESTMENT PROPERTY:** All real property owned by the Debtors other than real property determined to be the Court to be their primary residence on the date of the petition.

**IRS:** Internal Revenue Service.

**PLAN RATE:** Shall mean an interest rate on an Allowed Claim that is simple interest on the principal sum due at the rate of two percent (2%) per annum. This rate shall be applied unless otherwise noted.

**PROPERTY:** The term shall be deemed to include personal property as well as any real estate.

**PRO RATA:** With respect to any holder of an unsecured claim, the manner of payment in which any that creditor shall be paid the same proportion that the amount of such claim bears to the aggregate amount of the claims in the particular Class except the total amount of such Class distributions shall be consistent with the distribution scheme of § 727.

**PRIORITY CLAIM:** Any and all Claims (or portions thereof), if any, entitled to priority under §507(a) of the Bankruptcy Code.

**REORGANIZATION CASE:** The case of reorganization of the Debtors commenced by voluntary petition under Chapter 11 on April 1, 2016, and now pending in the Bankruptcy Court as case no. 16-11779-GS.

**RULES:** The Federal Rules of Bankruptcy Procedure, as amended, and the Local Rules of Bankruptcy Procedure as adopted by the Bankruptcy Court.

**SECURED CLAIMS:** An allowed claim of a creditor, secured by a lien on property of the Debtors, which claim existed on the date of the filing of the petition or which was authorized by the Bankruptcy Court thereafter to the extent that such claim is not greater than the value of the Debtors' property on which the Bankruptcy Court finds a valid security interest for such claim is held.

## ARTICLE II
## CLASSIFICATION AND TREATMENT OF CLAIMS WITH RIGHTS TO VOTE, AND DESIGNATION AS TO IMPAIRMENT

ALL CLAIMS ARE SUBJECT TO BEING OBJECTED TO.  THE DEBTORS RESERVES THE RIGHT TO REQUEST THAT ANY FUNDS PAID PURSUANT TO THIS PLAN BE HELD IN TRUST, PENDING RESOLUTION OF ANY CLAIMS, OR OTHER LITIGATION.

For the purposes of this Plan of Reorganization the creditors of the Debtors shall be classified into the following four categories, all of which are impaired:

**CLASS ONE – US BANK NATIONAL ASSOCIATION/NATIONSTAR MORTGAGE LLC First Mortgage Claim (POC 5-1) against Investment Property 7725 *West Washington Avenue, Las Vegas, NV 89128* –** As a result of the stay no longer protecting this property and the mortgage payments under the current note no longer being feasible, this first mortgage holder's claim shall be disposed of in whatever manner that state law remedies and rights allow.

**CLASS TWO –  US BANK TRUST N.A. AS TRUSTEE C/O CALIBER HOME LOANS  INC LLC First Mortgage Claim (POC 2-1) against Investment Property *1912 Emerald Green Avenue, Las Vegas, NV 89106* –** This first mortgage holder's claim shall be re-amortized and rescheduled based a stipulation filed as ECF No. 66 ("Stipulation") and, consistent with that Stipulation, the amount due under the re-amortized schedule, of $141,418.40. The interest rate shall be 5.25 percent over a 30 year fixed schedule. Monthly principal and interest payments of **$780.92** shall begin on March 1, 2017, and shall continue for a total term of 360 months. There shall be an escrow account in the amount of **$129.99** (which amount may change in accordance with obligations under the original note and under the Stipulation).

**CLASS THREE – RC WILLEY HOME FURNISHINGS personal property lien (POC 1-1) against certain household goods –** This lien claim against personal property shall be re-amortized and rescheduled based on a property value, and therefore the amount due under the re-amortized schedule, of $2084.15. The interest rate shall be 5.25 percent over a 5 year fixed schedule. Monthly principal and interest payments of **<u>$39.57</u>** shall begin on the Effective Date of the Plan and shall continue for a total term of 60 months.

**CLASS FOUR – UNSECURED CLAIMANTS -** All unsecured claimants that are not disputed, contingent or un-liquidated, will be paid, pro rata, **<u>$150.00</u>** a month commencing on the Effective

Date of the Plan, and continuing for 60 months or satisfaction of all valid claims but the total amount to be paid to this Class shall be decreased to the extent of any administrative expense rights.

## ARTICLE III
## TREATMENT OF UNCLASSIFIED CLAIMS WITHOUT RIGHTS TO VOTE

**UNCLASSIFIED CLAIMANTS - ADMINISTRATIVE EXPENSE CLAIMS -** These claimants shall be comprised of any fees and costs for Professionals or post-petition property taxes. The claims of Professionals shall be paid upon approval of the Court.

## ARTICLE IV
## IMPLEMENTATION OF PLAN DISBURSEMENTS

Except as otherwise provided in this Plan, upon confirmation, the Debtors may begin making monthly payments of **$150.00**. The Debtors will begin, as soon as practical, making pro rata payments to the Debtors' unsecured claimants on a quarterly basis, until such claims and expenses are paid in full or amount equal to all sixty payments have been made.

## ARTICLE V
## DISCHARGE OF DEBTORS AND EFFECT OF CONFIRMATION

In most cases, unless after notice and a hearing, and the Court orders otherwise for cause, confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan.

## ARTICLE VI
## EVENTS OF DEFAULT

**EVENTS OF DEFAULT:** The occurrence of any of the following shall constitute an event of default under the Plan.

**(a) FAILURE TO MAKE PAYMENTS:** Failure on the part of the Debtors to pay fully any distribution to be made under the Plan, which failure remains uncured for a period of sixty (60) days after notice

of such prospective default;

**(b) FAILURE TO PERFORM NEGATIVE COVENANTS:** Failure on the part of the Debtors to perform or observe any negative term or provision as set forth in Article IV of the Plan, which failure remains uncured for a period of sixty (60) days after notice of such default;

**(c) FAILURE TO PERFORM OTHER TERMS AND PROVISIONS:** Failure on the part of the Debtors to perform or observe any other term or provision of the Plan other than those set forth in Paragraphs (a) and (b) above of this section, which failure remains uncured for a period of sixty (60) days after notice of such default;

**(d) VOLUNTARY BANKRUPTCY CASES, ETC.:** Debtors shall generally not pay its debts as they become due or shall admit in writing its inability to pay its debts, or shall make a general assignment for the benefit of creditors; or Debtors shall commence any case proceeding or other actions seeking to have an order for relief entered on its behalf as Debtors or to adjudicate itself as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, liquidation, dissolution or composition of any of its debts under the Code or any other law relating to bankruptcy, insolvency, reorganization or relief of Debtors or seeking appointment of a receiver, trustee, custodian or other similar official for its or for any substantial part of its property;

**(e) INVOLUNTARY BANKRUPTCY CASES:** Any case, proceeding or other action against Debtors shall commence seeking to have an order for relief entered against it as Debtors or to adjudicate it as bankrupt or insolvent, or composition of its debts under the Code or any other law relating to bankruptcy, insolvency, reorganization or relief of Debtors, or seeking appointment of receiver, trustee, custodian or other official for them or for all or any substantial part of their property, and in such case, proceeding or other action (i) results in such an adjudication, the entry of such an order for relief or such appointment, which is not fully stated, (ii) shall not be contested by Debtors through appropriate proceedings procedures within twenty (20) days of commencement thereof or shall be acquiesced in by Debtors, or (iii) shall remain un-dismissed for a period of

One Hundred Eighty (180) days.

      **(f)**  **EFFECT OF DEFAULT:** A default of any particular provision of this Plan shall not be considered a default of the entire plan but only, and specifically, a default as it relates to that particular creditor; and the curing of any default shall be based, under any and all circumstances, and notwithstanding any other provisions of this Plan or any other document, and through all remedial activities of the creditor, on the restructured novated liability.

## ARTICLE VII
## RETENTION OF JURISDICTION

      The Bankruptcy Court shall retain jurisdiction of this case until the last day of the first full fiscal quarter following the quarter in which the Effective Date falls at which time an order of the Bankruptcy Court shall be entered concluding and terminating this case effective on said day unless the Debtors or any interested party prior to that date moves the court to retain jurisdiction for a longer period of time.

      During such time as the Bankruptcy Court retains jurisdiction, said jurisdiction will be deemed to include jurisdiction to hear and determine all claims against the Debtors or the bankruptcy estate and to enforce all causes of action that may be owned by the Debtors or the bankruptcy estate and to contest any claims and to hear the objection to any claims posed by the Debtors or other interested party.

## ARTICLE VIII
## PROCEDURES FOR RESOLVING DISPUTED CLAIMS

      Objections to Claims must be filed with the Bankruptcy Court and served upon the holders of each of the Claims to which objections are made on or before 120 (120) days after the Effective Date.

      Notwithstanding any other provision of this Plan, Distributions shall not be made with respect to Disputed Claims unless such Disputed Claim has been resolved and such Disputed Claim has become an Allowed Claim no later than 6 months after the Effective Date of the Plan.

Unless otherwise provided in a Final Order of the Bankruptcy Court, any Claim on account of which a proof of claim is required by Bankruptcy Rule 3003(c)(2) and which is filed after the Bar Date shall be deemed disallowed. The holder of a Claim which is disallowed shall not receive any Distribution on account of such Claim.

### ARTICLE IX
### PROVISIONS FOR ASSUMPTION OF EXECUTORY CONTRACTS

All contracts which exist between Debtors and any individual entity whether such contracts be in writing or oral, which have not heretofore been rejected or heretofore been approved by Orders of this Court are hereby specifically assumed.

### ARTICLE X
### MISCELLANEOUS

1.   **HEADINGS:** The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meanings hereof.

2.   **NOTICES:** All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be transmitted by facsimile transmission to 1-888-306-7517, by e-mail to RiggiLaw@gmail.com, and  mailed by registered or certified mail, return receipt requested:

A.   If to the Debtors, before the case is closed, to: 6349 O'Bannon Drive, Las Vegas, NV 89146; and David A. Riggi, Esq., 5550 Painted Mirage Road, Suite 320, Las Vegas, NV 89149;

B.   If to the Debtors, after the case is closed, to 6349 O'Bannon Drive, Las Vegas, NV 89146 :

C.   If to a holder of an allowed claim or allowed interest, at the address set forth in its allowed Proof of Claim or proof of interest or, if none, at its address set forth in the schedule prepared and filed with the Court; and,

D.   Notice to the Debtors shall be deemed given when received. Notice to any holder shall be

deemed given when delivered or mailed. Any person may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this section to the person or entity to be charged with the knowledge of such change.

**3.  RESERVATION OF RIGHTS:** Neither the filing of this Plan nor the Disclosure Statement, nor any statement or provision contained herein or therein, nor the taking by any creditor of an action with respect to this Plan: (a) Shall be or be deemed an admission against interest; nor, (b) Prior to the Confirmation Date, be or be deemed to be a waiver of any rights which any creditor might have against the Debtors or any of its properties specifically reserved. In the event substantial consummation of the Plan does not occur, neither this Plan nor any statement contained herein or in the Disclosure Statement, may be used or relief upon in any manner in any suit, action, proceeding or controversy within or outside of the Reorganization Case involving Debtors.

**4. PAYMENT OF STATUTORY FEES:** All fees payable pursuant to § 1930 of Title 28 of the United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on or before the Effective Date.

**5.  GOVERNING LAW:** Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Nevada.

**6. SUCCESSORS AND ASSIGNS:** The rights and obligations of any person named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such person.

**7.  SEVERABILITY:** Wherever possible, each provision of this Plan shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Plan shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision

or the remaining provisions of this Plan. Furthermore, if the Bankruptcy Court will not confirm this Plan because one or more provisions hereof are determined to be prohibited or invalid under applicable law, the Proponents may seek permission of the Bankruptcy Court to amend this Plan by deleting the offending provision.

8.  **PRESERVATION OF RIGHTS.** Notwithstanding any provisions of this Plan, the Debtors specifically preserves its respective rights to object, complain against, or otherwise affect the claims that are part of this Plan. Debtors must commence the exercise of its rights no later than 120 days after the Effective Date of the Plan.

Dated this 13th day of January, 2020.

Respectfully submitted,

_/s/ Claudia Barerra-Ortiz_                      _/s/ David A. Riggi_
Armando Barerra-Ortiz                         David A. Riggi, Esq.
Debtors in Possession                           Attorney for the Debtorss in Possession

_/s/Claudia Barerra_
Armando Barerra-Ortiz
Debtors in Possession